UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | 2:15-cv-02075-SVW-E | Date | July 21, 2015 |
|---|---|---|---|

| Title | Royal Printex, Inc. v. LA Printex Industries, Inc. et al. |
|---|---|

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING IN PART Plaintiff's Motion to Remand and for Sanctions [16]

## I.  INTRODUCTION

This action arises from a dispute regarding the existence and breach of a license agreement. On February 4, 2015, plaintiff Royal Printex, Inc. ("Royal") sued defendants L.A. Printex Industries, Inc. ("LAP"), Jae S. Nah ("Nah"), and Moon Gie Jung ("Jung"), in California State Court. Plaintiff asserts claims for: (1) breach of contract; (2) declaratory relief determining the existence of a valid and binding license agreement and the parties' respective rights and duties in connection therewith; (3) fraud; and (4) negligent misrepresentation. (Dkt. 1.) On March 19, 2015, Defendants removed the case to this Court, asserting that this Court has jurisdiction because the cases arises under copyright law. (Dkt. 1.)

Currently before the Court is Plaintiff's motion to remand the case and for sanctions. (Dkt. 16.) For the reasons discussed below, the Court GRANTS IN PART the motion and REMANDS the case, but DENIES the motion for sanctions.

## II.  FACTUAL BACKGROUND

LAP formerly operated textile printing machinery. (Compl. ¶ 2.) In 2010, LAP allegedly dismantled and liquidated its printing machinery, and instead contracted with their party printers to print its designs onto blank fabric. (*Id.*) Jung is allegedly LAP's former general manager. (Compl. ¶ 11.)

During 2010, LAP allegedly commissioned Royal to print textiles for it. (Compl. ¶ 12.) Royal asserts that it invoiced LAP for each printing job after the job was completed. (Compl. ¶ 12.) Royal asserts that LAP failed to pay Royal's invoices. (Compl. ¶¶ 12–13.) In November 2010, Jung allegedly negotiated an oral, nonexclusive copyright license agreement as an alternate payment arrangement with Royal. (Compl. ¶ 14.) The terms of the alleged agreement purportedly dictate that: (1) LAP would

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | 2:15-cv-02075-SVW-E | Date | July 21, 2015 |
|---|---|---|---|
| Title | Royal Printex, Inc. v. LA Printex Industries, Inc. et al. | | |

provide Royal with computer aided design ("CAD") files for all of its copyright designs; (2) LAP would receive $.10 per yard of LAP's designs printed by Royal, which would first be applied toward LAP's unpaid balance; and (3) once the balance was paid off, "Royal would continue to use the LAP designs at the royalty rate of $0.10 per yard and issue payment to LAP in accordance therewith." (Compl. ¶ 15.)

Allegedly pursuant to the license agreement, Jung delivered to Royal a hard drive with CAD files of all of LAP's designs. (Compl. ¶ 16.) Over the next few years, Royal periodically used LAP's designs, keeping track of its usage in a spread sheet. (Compl. ¶ 17.) However, Royal purportedly did not print enough yardage with LAP's designs to pay off LAP's outstanding balance. (Compl. ¶¶ 17, 20.)

On February 7, 2014, LAP allegedly repudiated the license agreement and denied having any agreement with Royal regarding the use of LAP's designs. (Compl. ¶ 21.) Royal claims that it asked Jung to confirm the existence of the oral licensing agreement between LAP and Royal, and asserts that he refused to acknowledge its existence. (Compl. ¶ 22.)

**III.   LEGAL STANDARD**

Removal jurisdiction is generally disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. A removing defendant bears the burden of showing that remand is proper. *Calicraft Distributors, LLC v. Castro*, No. CV 15-01041 BRO AJW, 2015 WL 1789014, at *3 (C.D. Cal. Apr. 17, 2015).

Federal courts have exclusive jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (alteration in original) (quoting 28 U.S.C. § 1338). However, "just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." *Id.*; *see also Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983) ("For instance, federal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract."). Thus, federal courts have consistently found that jurisdiction under § 1338 does not exist where a case involving a copyright presents only questions of contract law. *See id.* at 986; *Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir.1983). Nevertheless, this "balancing act" between federal and state interests "is further complicated by the interdependence of contract and copyright claims, which can camouflage the genuine issues to be resolved." *Scholastic Entm't*, 336 F.3d at 986.

The Ninth Circuit applies the test for determining whether a case arises under copyright law set forth in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964). Under this test, a case arises under copyright law within the meaning of § 1338 if: "(1) the complaint asks for a remedy expressly granted

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | 2:15-cv-02075-SVW-E | Date | July 21, 2015 |
| Title | Royal Printex, Inc. v. LA Printex Industries, Inc. et al. | | |

by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't*, 336 F.3d at 986. This test is "essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Id.*

The Ninth Circuit has found that a case requiring solely a determination of ownership of copyright as a matter of contract law does not arise under copyright law. *Dolch*, 702 F.2d at 180–81. In contrast, where the question of ownership (even as a matter of contract law) is solely a threshold issue to a determination of infringement, federal jurisdiction will lie. *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1382 (9th Cir. 1988)

"As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Calicraft Distribs.*, 2015 WL 1789014, at *5 (quoting *ARCO Envtl Remediation, LLC v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir.2000)). Nevertheless, a plaintiff may not defeat removal through "artful pleading"—which occurs when "a plaintiff fails to plead necessary federal questions in the complaint." *Id.*

## IV. ANALYSIS

### A. Plaintiff's Motion to Remand

Plaintiff asserts that this case should be remanded because it is purely a state law case that does not arise under copyright law. Thus, because there is no other possible basis for jurisdiction over this case, Plaintiff requests that it be remanded to state court.[1]

Plaintiff asserts state law claims for breach of contract, fraud, and negligent misrepresentation. Plaintiff also seeks a declaratory judgment regarding the existence of a license agreement and the parties' respective rights and obligations under such agreement.

Plaintiff does not seek any remedy expressly granted by the Copyright Act. Moreover, none of Plaintiff's claims requires an interpretation of the Copyright Act. For example, there is no dispute regarding the validity of LAP's copyrights. Instead, Plaintiff's claims require the Court to determine such questions as: whether Jung was authorized to contract on LAP's behalf regarding its copyrights, whether Jung negligently or intentionally misrepresented his authority to contract on LAP's behalf

---

[1] There is no allegation that the parties are of diverse citizenship as required by 28 U.S.C. § 1332—both LAP and Royal are allegedly California corporations. (Compl. ¶¶ 1–2.) Nor is there any allegation of any other basis for exercising federal question jurisdiction under 28 U.S.C. § 1331.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | 2:15-cv-02075-SVW-E | Date | July 21, 2015 |
| Title | Royal Printex, Inc. v. LA Printex Industries, Inc. et al. | | |

regarding its copyrights, whether Jung and Royal entered into a valid licensing agreement, and the terms of any licensing agreement entered between LAP and Royal. Each of these questions raises purely state law issues. *See Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 734 (9th Cir. 2012) (finding that a suit seeking a declaratory judgment to be recognized as an assignee with respect to royalties was a state contract claim rather than a federal copyright claim); *Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir. 1983) (stating that the validity of an assignment of renewal rights without consideration is a state law question); *Hepburn v. Concord Music Grp., LLC*, No. 2:14-CV-09237-CAS, 2015 WL 2084576, at *4 (C.D. Cal. May 4, 2015) (finding that claim for declaration of defendants' status as "assignees, transferees, licensees, and managers" of various copyrights did not arise under copyright law because it would require interpretation of contracts and other chain of title documentation rather than the Copyright Act). Additionally, there is no "distinctive policy" of the Copyright Act requiring federal principles to control the disposition of Plaintiff's claims. *See T.B. Harms*, 339 F.2d at 828.

The fact that this is an allegedly indefinite license does not change this conclusion. While an issue about the scope, nature, or assignability of the termination right provided by 17 U.S.C. § 203 would be an issue of copyright law, there is no such issue alleged. While Royal alleges that LAP wrongfully repudiated the contract, it does not allege that LAP did so under the guise of terminating a license pursuant to § 203. Instead, Royal alleges that LAP denied the contract's existence in the first place. In *Scholastic Entertainment*, the Ninth Circuit distinguished its opinion in *Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993). The Court distinguished *Rano* based on the fact that *Rano* involved an indefinite license while *Scholastic Entertainment* involved a license with a finite term. *Scholastic Entm't*, 336 F.3d at 988. Thus, unlike in *Rano*, the case in *Scholastic Entertainment* did not arise under copyright law. *Id.* at 988–89. However, the Ninth Circuit did not hold that all contract claims involving a license of indefinite duration arise under the Copyright Act. Thus, because this case does not involve any issue of termination, it does not arise under the Copyright Act.

Similarly, the fact that LAP could have asserted a counterclaim for copyright infringement does not make this a case arising under the Copyright Act. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998). The fact that LAP could have initiated an infringement action (which it did in a separate case), in which Royal could have counterclaimed for a declaratory judgement (which it apparently did), is also unavailing. Royal is the master of its complaint and may choose to assert only a state law cause of action even where both federal and state law causes exist. *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). While Royal could have sought a declaration of noninfringement, it chose not to do so. Instead, it framed its declaratory judgment request in terms of contract law. Because there is no request for a determination regarding infringement, the state contract issue is the sole issue to be decided rather than a threshold determination. Moreover, while Royal's litigation choice may be deliberately strategic, it is not a case of improper "artful pleading."

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              JS - 6

| Case No. | 2:15-cv-02075-SVW-E | Date | July 21, 2015 |
|---|---|---|---|
| Title | Royal Printex, Inc. v. LA Printex Industries, Inc. et al. | | |

Finally, LAP's reliance on *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011) is inapt. *ABB* is an out-of-circuit case addressing whether a declaratory judgment claim arises under patent law for purposes of § 1338. *See generally id.* Moreover, that case is distinguishable because it was originally filed in federal court—thus the presumption against removal did not apply. *See id.* at 1347–48. Also, the amended complaint there at issue expressly sought a declaration of noninfringement.

For the aforementioned reasons, the Court GRANTS Royal's motion to remand and REMANDS the case to California state court.

### B.      Plaintiff's Request for Sanctions

Absent "unusual circumstances", the Court may award sanctions under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the Court cannot say that LAP lacked an objectively reasonable basis for removal. The Court thus DENIES Plaintiff's request for sanctions.

### V.      ORDER

1. For the aforementioned reasons, the Court GRANTS Plaintiff's motion to remand the case and REMANDS this action to the Superior court of the State of California.

2. For the aforementioned reasons, the Court DENIES Plaintiff's motion for sanctions.

                                                                                              :
                                        Initials of Preparer              PMC